UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
IVAN MARQUEZ,                                                SDNY 12-cv-8580 (ALC)
 LUCIO MARTINEZ and
CONCEPTION RAMIREZ,

                      Plaintiffs,                        ECF Case

    -against-

ERENLER INC. (d/b/a AKDENIZ),
SUYLAYMAN YENILER, MURATH
AKTAS
                    Defendants.
------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION
## TO PLAINTIFFS' MOTION FOR ATTORNEYS FEES

      This Memorandum of Law is submitted by Defendants Erenler Inc. d/b/a/ Akdeniz, Suylayman Yeniler and Murat Aktas, by their attorneys, Lebow & Sokolow LLP, in support of their opposition to the amount of attorneys' fees submitted by Plaintiffs' counsel.

### PRELIMINARY STATEMENT

      Although the prevailing party in a Fair Labor Standards Act, 29 U.S.C. §§201 *et sec.* ("FLSA") and New York Labor Law ("NYLL"), is entitled to reasonable fees and costs, the Court may reduce any hours that are "excessive, redundant, or otherwise unnecessary." Plaintiffs' attorneys have submitted an application for 181 hours of work. A careful review of Plaintiff's standard billing sheets establishes that the hours billed are both excessive and redundant.

### THE HOURS PLAINTIFFS' COUNSEL EXPENDED IN THIS
### CASE ARE UNREASONABLE GIVEN THE CIRCUMSTANCES

      Plaintiffs' attorneys justify their hourly rate by explaining their expertise in employment law, specifically wage and hour cases. If Plaintiffs' attorneys are experts in employment law, it is

not reasonable for them to expend 181 hours of work in a relatively straight forward FLSA case. Plaintiffs' attorneys have requested $64,652.50 in fees. This is far in excess of the amounts charged by Defendants' counsel and far in excess of any reasonable amount of hours. District courts have broad discretion to determine a fee award. Hensley v. Eckerhart, 461 U.S. 424 (1983), Maldono v. La Nueva Rampa, Inc., 2012 BL 391221 (S.D.N.Y. 2012). In assessing the appropriateness of reasonable hours expended, the critical inquiry is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." The Court may also rely on its own experience with the case as well as its experience with similar submissions as additional support. In addition, while using multiple attorneys is not unreasonable per se, the moving party must demonstrate the need for each attorney's expertise. Ultimately, multiple attorneys are only allowed to recover fees on a case if they can show that the work reflects the distinct contribution of each lawyer. See Maldono, supra.

The Court may reduce any hours that are "excessive, redundant or otherwise unnecessary." See Hensley and Maldono, supra. Moreover, in lieu of making minute adjustments to individual time keeping entries, the court may make across-the-board percentage cuts in the number of hours claimed "as a practical means of trimming the fat from a fee application".

Courts have routinely reduced fee submissions where the time expended was excessive. See Simmonds v. N.Y.C. Department of Corrections, 2008 BL 306497 (S.D.N.Y. 2008), where the court ordered a 40% across-the-board reduction where attorneys spent excessive hours drafting a complaint, preparing documents, and research memorandum. In Malodano, supra, the court reduced all indicated charges by 70%. The Court reasoned a review of other wage and hour cases showed that 171 hours excessive.

Plaintiffs' attorney fee application is clearly unreasonable and excessive. Four (4) attorneys participated in this case and no explanation is presented as to the distinct contribution of each lawyer. Moreover, attorneys charging in excess of $350.00 per hour should have the requisite experience to minimize their time expended. For example, Michael Faillace, the managing partner drafted the Complaint. He charged $400 an hour for this simple task and expended 8.5 hours. A seasoned employment attorney should not expend more than 8 hours drafting a boiler plate complaint. Another example of excessive time expenditure is Shawn Clark's preparation of a response to Defendants' summary judgment motion. It is unreasonable for an experienced employment attorney to expend 11 hours at $375.00 per hour to draft a response to a motion.

Plaintiffs' attorney's argument that its former employee Charles Fritch did not keep time records and therefore the firm is not seeking fees associated with his work doesn't support Shawn Clark's conclusion that the law firm is undercompensated. Four (4) attorneys charging in excess of $350.00 per hour expended excessive amounts of hours for preparing relatively ordinary pleadings.

In Particular, the time charges for October 22, October 31, November 9, November 27 and January 2012, and for January 14, January 15, January 25, August 13, and September 13, 2013 and for April 30, June 17, June 18, June 19, July 14, July 15, August 22, August 29, September 3, September 4, September 8, September 22, September 23, September 24, September 25, September 26, September 27, September 28, September 29, and October 27, 2014, should be reduced by at least 60% of the claimed amount.

Accordingly, fees should be reduced to no more than $35,000. Since no supporting invoices for disbursements are attached, reimbursements for such disbursements should be disallowed.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court order an across-the-board 60% deduction of the fees submitted by Plaintiffs' counsel's fee application, and deny reimbursement for claimed disbursements.

Dated: New York, NY
November 3, 2014

LEBOW & SOKOLOW LLP

By: _____
Mark D. Lebow (ML-8007)
770 Lexington Avenue, 6th Floor
New York, NY 10065
Telephone: (212) 935-6000
Facsimile: (212) 935-4865
*Attorneys for Defendants*