UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  11/10/2014
```

----------------------------------------------------------- X

  IVAN MARQUEZ, LUCIO MARTINEZ,     :
  AND CONCEPCION RAMIREZ

                                          :

                    Plaintiffs,   :        1:12-cv-8580-GHW

                                            :

         -against-        :       MEMORANDUM OPINION

                                          :          AND ORDER

ERENLER, INC. (d/b/a AKDENIZ)        :
SULAYAM YENILER, and MURATH AKTAS  :

                                          :

                  Defendants.  :

----------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

## I.      BACKGROUND

      Plaintiffs brought this case in 2012, alleging various claims for unpaid wages under the Fair

Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").  After a one-day bench

trial, the Court found that the defendants violated the FLSA and NYLL and awarded unpaid wages

and liquidated damages to each plaintiff.  *See* Dkt. No. 85.  The Clerk of Court computed interest

and entered judgment for each plaintiff against all three defendants, jointly and severally, in the

following amounts:  $142,738.71 for Mr. Martinez; $221,038.77 for Mr. Marquez; and $148,101.79

for Mr. Ramirez.  Dkt. No. 86.

      On October 29, 2014, plaintiffs' counsel moved for an award of $64,652.50 in attorneys' fees

and $4,006.25 in costs, pursuant to the fee-shifting provisions of the FLSA, 29 U.S.C. § 216(b), and

the NYLL, N.Y. Lab. Law § 198(1-a).  Dkt. No. 87.  Defendants filed a memorandum of law in

opposition on November 3, 2014.  Dkt No. 90.  For the reasons stated below, the Court awards

plaintiffs $43,790 in attorneys' fees and $4,006.25 in costs.

II.   **DISCUSSION**

A. **Attorneys' Fees Under the FLSA and NYLL**

"Any employer who violates the [FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . ."  29 U.S.C. § 216(b).  Furthermore, "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  *Id.*  Under the NYLL, "[i]n any action instituted in the courts upon a wage claim by an employee . . . in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment [and] all reasonable attorney's fees . . . ."  N.Y. Lab. Law § 198(1-a).  Another relevant provision of the NYLL states that any employee paid less than the statutory New York minimum wage "shall recover in a civil action the amount of any such underpayments, together with costs [and] all reasonable attorney's fees . . . ."  N.Y. Lab. Law § 663(1).  Because the Court found that defendants violated the FLSA and NYLL, plaintiffs are entitled to reasonable attorneys' fees and costs in addition to the judgment already entered in their favor.

The Second Circuit's approach to determining appropriate attorneys' fees requires the district court to calculate a "presumptively reasonable fee" by finding:  (1) a reasonable hourly rate for the attorneys' work; and (2) a reasonable number of hours of work required by the case.  *See Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166-67 (2d Cir. 2011) (citing *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)).  A reasonable hourly rate is one which a "paying client would be willing to pay."  *Arbor Hill*, 522 F.3d at 184.  The party seeking fees bears "the burden of 'establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.'"  *Savoie v. Merchants Bank*, 166 F.3d 456, 463 (2d Cir. 1999) (quoting *Cruz v. Local Union Number 3*, 34 F.3d 1148, 1160 (2d Cir. 1994)).

**B.  Reasonable Hourly Rates**

To find a reasonable hourly rate, district courts must determine whether the rates in question are "in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA New York City Transit Authority,* 457 F.3d 224, 232 (2d Cir. 2006) (quoting *Blum v. Stenson,* 465 U.S. 886, 896 n.1 (1984)).  In order to make this determination, courts look to:  "(1) rates awarded in prior cases; (2) courts' own knowledge of hourly rates charged in the district; and (3) evidence submitted by the parties." *Jemine v. Dennis*, 901 F. Supp. 2d 365, 392 (E.D.N.Y. 2012) (citing *Farbotko v. Clinton County*, 433 F.3d 204, 209 (2d Cir. 2005)).

Plaintiffs request a rate of $450 per hour for Michael Faillace, named partner at Michael Faillace & Associates, P.C., with "decades of experience" in employment law.  *See* Plaintiffs' Memorandum of Law in Support of Motion for Attorneys' Fees, Dkt. No. 88 at 4 ("Plaintiffs' Memorandum").  In addition to his litigation experience, Mr. Faillace has taught courses on employment law at Seton Hall and Fordham law schools, and has written a treatise on the subject. *See id.*  Plaintiffs request a rate of $400 per hour for Senior Associate Joshua Androphy, who graduated from Columbia University School of Law in 2005 and worked as a litigator at another firm for seven years before joining Michael Faillace & Associates in 2012. *See id.* at 5.  Plaintiffs request a rate of $375 per hour for Associate Shawn Clark, who graduated from New York University School of Law in 2010 and completed a fellowship with the New York City Law Department before joining Michael Faillace & Associates in February 2014. *See id.* at 4.  Finally, plaintiffs request a rate of $350 per hour for Associate Lina Franco, who graduated from Rutgers School of Law in 2010 and joined Michael Faillace & Associates in 2012. *See id.* at 6.  In their opposition, defendants do not dispute the hourly rates claimed by plaintiffs, only the number of hours worked.  Defendants simply request an "across-the-board 60% deduction" of plaintiffs' fee

request.  *See* Defendants' Memorandum of Law in Opposition, Dkt. No. 90 at 4 ("Defendants' Memorandum").

"'Courts in this District have determined in recent cases that the range of appropriate fees for experienced employment law litigators is between $250 and $450.'"  *Ibarra v. HSCS Corp.*, No. 10-cv-5109 (KBF), 2012 WL 3964735, at *3 (S.D.N.Y. Sept. 10, 2012) (alterations omitted) (quoting *Gurung v. Malhotra*, No. 10-cv-5086 (VM) (FM), 2012 WL 983520, at *11 (S.D.N.Y. Mar. 16, 2012)).  For partners, courts generally award rates between $300 and $400 per hour, sometimes higher.  *See, e.g.*, *Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp.*, No. 13-cv-3061 (JGK), 2014 WL 2624759, at *7 (S.D.N.Y. June 10, 2014) (approving rate of $350 per hour for experienced partner and collecting cases).  Courts generally award rates over $400 only when an attorney is "highly experienced in a particular area of litigation."  *Yea Kim v. 167 Nail Plaza, Inc.*, No. 05-cv-8560 (GBD) (GWG), 2009 WL 77876, at *8 (S.D.N.Y. Jan. 12, 2009) (collecting cases).

In cases similar to this one, courts award a rate of $200 per hour for associates with three to four years of experience—like Mr. Clark and Ms. Franco.  *See, e.g.*, *Palacios v. Z & G Distributors, Inc.*, No. 11-cv-2538 (AT) (FM), 2013 WL 4007590, at *6 (S.D.N.Y. Aug. 6, 2013) ($200 per hour for associate with three years' experience); *Agudelo v. E & D LLC*, No. 12-cv-960 (HB), 2013 WL 1401887, at *2 (S.D.N.Y. Apr. 4, 2013) ($200 per hour for associate with three years' experience); *Maldonado v. La Nueva Rampa, Inc.*, No. 10-cv-8195 (LLS) (JLC), 2012 WL 1669341, at *13 (S.D.N.Y. May 14, 2012) ($200 per hour for associate with four years' experience); *Yea Kim*, 2009 WL 77876, at *8 ($200 per hour for associate with four years' experience).

Fewer cases specifically list rates for "senior" associates, but in those that do, the rates awarded are generally higher than those for less-experienced associates.  *See, e.g. Torres v. Gristede's Operating Corp.*, No. 04-cv-3316 (PAC), 2012 WL 3878144, at *4 (S.D.N.Y. Aug. 6, 2012) *aff'd*, 519 F. App'x 1 (2d Cir. 2013) ($300 per hour for associate with over eight years of experience); *Clover v. Shiva Realty of Mulberry, Inc.*, No. 10-cv-1702 (RPP), 2011 WL 1832581, at *5 (S.D.N.Y. May 13, 2011)

*aff'd sub nom. Clover v. Gobindram*, 479 F. App'x 402 (2d Cir. 2012) ($300 per hour for associate with nine years of experience).

Given these rates for "similar services by lawyers of reasonably comparable skill, experience, and reputation," *Reiter*, 457 F.3d at 232, the Court finds the following rates are appropriate in this case: $400 per hour for Mr. Faillace, $300 per hour for Mr. Androphy, and $200 per hour each for Mr. Clark and Ms. Franco.

### C.  Time Reasonably Expended

To determine a reasonable number of hours of work for a particular case, courts first look for documentation in the form of "contemporaneous time records 'specifying, for each attorney, the date, the hours expended, and the nature of the work done." *Greathouse v. JHS Sec., Inc.*, No. 11-cv-7845 (PAE) (GWG), 2012 WL 3871523, at *9 (S.D.N.Y. Sept. 7, 2012) *report and recommendation adopted as modified*, No. 11-cv-7845 (PAE) (GWG), 2012 WL 5185591 (S.D.N.Y. Oct. 19, 2012) (alterations omitted) (quoting *N.Y. State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1148 (2d Cir. 1983)).  Courts next look to their "own familiarity with the case and . . . experience generally.  Because attorneys' fees are dependent on the unique facts of each case, the resolution of the issue is committed to the discretion of the district court." *Guallpa v. N.Y. Pro Signs Inc.*, No. 11-cv-3133 (LGS) (FM), 2014 WL 2200393, at *10-11 (S.D.N.Y. May 27, 2014) *report and recommendation adopted sub nom. Guallpa v. NY Pro Signs Inc.*, No. 11-cv-3133 (LGS), 2014 WL 4105948 (S.D.N.Y. Aug. 18, 2014) (alterations omitted) (quoting *Santa Fe Natural Tobacco Co. v. Spitzer,* Nos. 00-cv-7274 (LAP), 00-cv-7750 (LAP), 2002 WL 498631, at *3 (S.D.N.Y. Mar. 29, 2002)).  "Finally, billing judgment must be factored into the equation." *Id.*  (quoting *Santa Fe Natural Tobacco Co.*, 2002 WL 498631, at *3).

While defendants dispute the time plaintiffs' counsel spent working on a variety of matters, *see* Defendants' Memorandum, Dkt. No. 90 at 2-3, the Court finds the time records submitted by plaintiffs' counsel to be sufficiently detailed and reasonable.  The requested hours are particularly

reasonable in light of the fact that plaintiffs are not requesting fees for an attorney who did considerable work on this case but has since left the firm and did not keep contemporaneous time records.  *See* Plaintiffs' Memorandum, Dkt. No. 88 at 8.  Accordingly, the Court awards plaintiffs $43,790 in attorneys' fees, calculated by multiplying the reasonable hourly rate for each attorney by the number of hours she or he worked, according to the billing sheet included as Exhibit A to the Affidavit of Shawn Clark.  Dkt. No. 89.

### D.  Costs

As the prevailing party in this case, plaintiffs are entitled to recover costs as well as attorneys' fees.  *See* 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1-a), 663; Section II.A., *supra*.  Costs are defined as "compensation for 'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'"  *Mugavero v. Arms Acres, Inc.*, No. 03-cv-05724 (PGG), 2010 WL 451045, at *12 (S.D.N.Y. Feb. 9, 2010) (quoting *LeBlanc–Sternberg v. Fletcher,* 143 F.3d 748, 763 (2d Cir. 1998)).  Plaintiffs request reimbursement for the court filing and daily transcript fees, as well as expenses incurred for process servers, depositions, and hiring a Spanish interpreter.  These costs are all reasonable and courts have allowed them in similar cases.  *See, e.g., Kadden v. VisuaLex, LLC*, No. 11-cv-4892 (SAS), 2012 WL 6097656, at *3 (S.D.N.Y. Dec. 6, 2012) (filing fee and deposition, process server, and transcript expenses all recoverable); *Angamarca v. Pita Grill 7 Inc.*, No. 11-cv-7777 (JGK) (JLC), 2012 WL 3578781, at *14 (S.D.N.Y. Aug. 2, 2012) (filing fee and process server expenses are recoverable); *Jin M. Cao v. Wu Liang Ye Lexington Rest., Inc.*, No. 08-cv-3725 (DC), 2010 WL 4159391, at *8-9 (S.D.N.Y. Sept. 30, 2010) (filing fee and expenses for transcription services and interpreter all recoverable); *Yea Kim*, 2009 WL 77876, at *10 (expenses for "translation services, court fees, and court-reporting services" all recoverable).

The Court rejects defendants' argument that plaintiffs should not be awarded costs because they did not include supporting invoices.  As other courts have pointed out, "no decision in this

district has included such a requirement." *Kahlil v. Original Old Homestead Rest., Inc.*, 657 F. Supp. 2d 470, 478 (S.D.N.Y. 2009).

### III.    CONCLUSION

Plaintiffs are entitled to $43,790 in attorneys' fees and $4,006.25 in costs.  The Clerk of Court is directed to enter judgment for plaintiffs, against the defendants jointly and severally, in the amount of $47,796.25, and to close this case.

SO ORDERED.

Dated:  November 10, 2014
New York, New York

_____
GREGORY H. WOODS
United States District Judge